IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REBECCA VLASEK,                          §
                                         §
              Plaintiff,                 §
                                         §
v.                                       §
                                         §     CIVIL ACTION NO. H-08-3362
WAL-MART STORES, INC., a                 §
Delaware Corporation, and                §
SAM'S EAST, INC., a Delaware             §
Corporation,                             §
                                         §
              Defendants.                §

### MEMORANDUM OPINION AND ORDER

Plaintiff, Rebecca Vlasek, brings this action against defendants, Wal-Mart Stores, Inc., and Sam's East, Inc., for gender discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e.  Pending before the court are Plaintiff's Motion for Leave to Amend (Docket Entry No. 8), Wal-Mart Stores, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint (Docket Entry No. 9), Wal-Mart Stores, Inc.'s Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure (Docket Entry No. 10), and Wal-Mart Stores, Inc. and Sam's East Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry No. 13).  For the reasons explained below defendants' motion to dismiss plaintiff's amended complaint will be granted, defendants' motion for sanctions

will be denied, the remaining motions will be declared moot, and this action will be dismissed.

## I.  Factual and Procedural Background

**A.  Underlying Facts**

In 1998 plaintiff was a high school teacher and coach "charged with having engaged in an inappropriate physical relationship with a student."[1] As a result of the criminal investigation and charges arising out of that involvement, plaintiff was sentenced to deferred adjudication and was required to register with the state of Texas as a sex offender.[2]

In 1999 plaintiff applied for employment with the defendants and subsequently began to work as a Sam's Club associate.  By the spring of 2003, when an anonymous letter to the managers of plaintiff's store informed the company that plaintiff had been forced to leave her teaching position due to an inappropriate relationship with a student, plaintiff had advanced to the position of front-end manager responsible for customer service.  The store managers questioned plaintiff about the allegations, but took no adverse action.  Shortly thereafter, in the summer of 2003, a second anonymous letter containing the same allegations arrived at Wal-Mart headquarters in Bentonville, Arkansas.  Plaintiff's

---

[1]First Amended Complaint included in Docket Entry No. 8, p. 3 ¶ 7.

[2]Id.

managers again discussed the matter with her but took no adverse action.[3]

Subsequently, Wal-Mart created a Registered Sex Offender Review Committee, which investigated plaintiff's criminal background, and terminated her employment effective June 15, 2006.[4]

In September of 2006 plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in which she alleged that the defendants discriminated against her on the basis of disability by terminating her employment. Plaintiff's charge did not allege that she had been discriminated against on the basis of her gender.[5] On November 3, 2006, the EEOC issued to plaintiff a right-to-sue letter.[6]

**B.   Plaintiff's First Lawsuit Against the Defendants**

On January 29, 2007, plaintiff filed suit in federal district court against Wal-Mart Stores, Inc., and Sam's East, Inc., alleging disability discrimination, wrongful termination, violation of the Fair Credit Reporting Act, laches, waiver, and estoppel.[7]   On

---

[3]Id. at 2-5, ¶¶ 4-6 and 8-11.

[4]Id. at 5 ¶ 10.   See also Determination of Eligibility for Continued Employment, Exhibit A attached to Docket Entry No. 8.

[5]See Memorandum and Opinion, Docket Entry No. 60 entered in Civil Action No. H-07-0386, and Exhibit F attached to Plaintiff's Opposition to Defendants' Motion to Dismiss, Docket Entry No. 15, p. 5.

[6]Exhibit B attached to First Amended Complaint, Docket Entry No. 5 entered in Civil Action No. H-07-0386.

[7]See Original Complaint, Docket Entry No. 1 entered in Civil Action No. H-07-0386.

February 15, 2007, Wal-Mart Stores, Inc., and Sam's East, Inc.,
answered the plaintiff's complaint.[8]  On April 5, 2007, plaintiff
attempted to file an amended complaint alleging claims for wrongful
termination, violation of the Americans with Disabilities Act,
violation of the Fair Credit Reporting Act, laches, waiver,
estoppel, and gender discrimination.[9]  Defendants moved to strike
plaintiff's amended complaint for failure to seek leave of court.[10]
The court granted the defendants' motion to strike but allowed
plaintiff to move for leave to amend until June 1, 2007.[11]  On
July 16, 2007, plaintiff filed a motion seeking leave to amend,
which the court denied as futile on August 20, 2007.[12]  On July 22,
2008, the court granted the defendants' motion for summary judgment
on plaintiff's claims for disability discrimination,[13] violation of

---

[8]See Defendants Wal-Mart Stores, Inc.'s, and Sam's East,
Inc.'s Answer and Other Defenses, Docket Entry No. 3 entered in
Civil Action No. H-07-0386.

[9]See First Amended Complaint, Docket Entry No. 5 entered in
Civil Action No. H-07-0386.

[10]See Motion to Strike Plaintiff's First Amended Complaint,
Docket Entry No. 7 entered in Civil Action No. H-07-0386.

[11]See Order Granting Motion to Strike Amended Complaint, Docket
Entry No. 8 entered in Civil Action No. H-07-0386.

[12]See Motion to Enlarge Time; or Alternatively for Leave to
File Amended Complaint Out of Time, Docket Entry No. 12, and Order
Granting Plaintiff's Motion to File Her Motion for Leave to Amend
Out of Time But Denying Leave to File the Proposed Amendments as
Futile, Docket Entry No. 15, entered in Civil Action No. H-07-0386.

[13]See Memorandum and Opinion, Docket Entry No. 60 entered in
Civil Action No. H-07-0386, and Exhibit F attached to Plaintiff's
Opposition to Defendants' Motion to Dismiss, Docket Entry No. 15,
pp. 8-10.

the Fair Credit Reporting Act,[14] wrongful termination, waiver, estoppel, and laches.[15]  The court also concluded that equitable tolling did not excuse plaintiff's failure to file a charge of gender discrimination with the EEOC.[16]

On July 31, 2008, plaintiff filed a motion for reconsideration, which was based, in part, on her assertion that she had "filed a new complaint and charge with the EEOC sounding in gender discrimination."[17]  On August 25, 2008, plaintiff filed a supplement to her motion to reconsider to which she attached her "latest EEOC intake charge sheet and right-to-sue letter."[18]  On August 26, 2008, the court denied plaintiff's motion for reconsideration.[19]

## II.  Plaintiff's Motion for Leave to Amend and Defendants' Motion to Dismiss Plaintiff's Original Complaint

On November 12, 2008, plaintiff filed her Original Complaint in this action (Docket Entry No. 1) in which she asserted claims

---

[14]Id. at 12-14.

[15]Id. at 14-22.

[16]Id. at 10-12.

[17]See Plaintiff's Motion to Alter or Amend the Grant of Summary Judgment, Docket Entry No. 63 entered in Civil Action No. H-07-0386, p. 2.  The plaintiff's charge was dated July 31, 2008.

[18]See Plaintiff's Supplement to Rule 59 Motion to Reconsider, Docket Entry No. 65 entered in Civil Action No. H-07-0386, p. 1. See also Exhibits A and B attached thereto.

[19]See Memorandum and Order, Docket Entry No. 66 entered in Civil Action No. H-07-0386.

for wrongful termination, gender discrimination, breach of contract, laches, waiver, and estoppel.  On January 14, 2009, before defendants filed any responsive pleading, plaintiff filed the pending motion for leave to file her First Amended Complaint in which she asserts claims for wrongful termination and gender discrimination (Docket Entry No. 8).  Because plaintiff filed her amended complaint before defendants filed a responsive pleading, plaintiff's motion for leave to amend was unnecessary and her Amended Complaint became the live pleading in this action upon filing.  See Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course:  (A) before being served with a responsive pleading.").  Accordingly, Plaintiff's Motion for Leave to Amend (Docket Entry No. 8) and Wal-Mart Stores, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint (Docket Entry No. 9) will be declared moot.

### III.  <u>Defendants' Motion to Dismiss Plaintiff's Amended Complaint</u>

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because

- Plaintiff's claim for wrongful termination was previously adjudicated and dismissed with prejudice on July 22, 2008; and

- Plaintiff failed to timely exhaust her administrative remedies with regard to her gender discrimination claim.[20]

---

[20]Wal-Mart Stores, Inc. and Sam's East Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Motion to Dismiss

**A.   Standard of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  A statute of limitations defense may be asserted by a Rule 12(b)(6) motion when that defense appears on the face of the complaint.  See Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 n.3 (5th Cir. 1997) (citing Kansa Reinsurance Co. Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994)).

---

Amended Complaint), Docket Entry No. 13, p. 3.

In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with two exceptions. In Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of certain documents the defendant attached to a motion to dismiss. The Fifth Circuit has "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins, 224 F.3d at 498-99). Courts may also refer to matters of public record when deciding a Rule 12(b)(6) motion. See Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir.), cert. denied, 115 S.Ct. 189 (1994)).

**B.   Analysis**

Defendants argue that plaintiff's claims for wrongful termination are barred by res judicata, and that plaintiff's claims for gender discrimination in violation of Title VII are time barred for failure to exhaust administrative remedies. The court agrees.

1.   Wrongful Termination

Citing Rebecca Vlasek v. Wal-Mart Stores, Inc., Civil Action No. H-07-0386, defendants argue that plaintiff's claims for wrongful termination should be dismissed as barred by res judicata because "[p]laintiff sued Wal-Mart and Sam's in 2007 based on her

-8-

termination, and the wrongful termination claim she asserted was dismissed on summary judgment."[21]   Asserting that "Plaintiff's Amended Complaint contains the exact same cause of action for wrongful termination she filed almost two years ago,"[22] and that "the articulated basis for her wrongful termination claim in her Amended Complaint is the same basis that this Court <u>considered, adjudicated, and dismissed with prejudice</u> in 200[8],"[23] defendants argue that cause of action "was dismissed by this Court and . . . this Court's dismissal and final judgment resulted in *res judicata*."[24]

The doctrine of <u>res judicata</u> or claim preclusion serves to bar the relitigation of claims that were or could have been advanced in a previous action.   <u>See</u> <u>Petro-Hunt, L.L.C. v. United States</u>, 365

---

[21]<u>Id.</u> at 2.

[22]<u>Id.</u> at 4 & n.2.   Defendants assert that

[i]n paragraph 13 of her 2007 Complaint, Plaintiff described the basis for her wrongful termination claim as follows:

"The Actions of Wal-Mart in discharging Plaintiff after Wal-Mart knew of the cause prior to hiring the Plaintiff; and fired plaintiff only later, after an interval during which Rebecca Vlasek did no act giving good cause for the discharge, were contrary to law."   See Exhibit A, p. 5. In paragraph 15 of her Amended Complaint of January 14, 2008, Plaintiff uses the same language in a second attempt to assert a wrongful termination claim.   See Exhibit C, p. 6.

[23]<u>Id.</u>

[24]<u>Id.</u>

F.3d 385, 395 (5th Cir. 2004).   The Fifth Circuit applies a transactional test in analyzing questions implicating res judicata. The four elements of the transactional test are (1) whether the case involves the identical parties as in the prior case, (2) whether the prior judgment was rendered by a court of competent jurisdiction, (3) whether the prior judgment was a final judgment on the merits, and (4) whether the same claim or cause was involved in both cases.   Id.   The Fifth Circuit has explained that the transactional test focuses on whether the second action implicates the "same nucleus of operative facts."  Id. at 396.  See also In re Ark-La-Tex Timber Company, Inc., 482 F.3d 319, 330 (5th Cir. 2007) (observing that "application of res judicata has been limited to issues of fact or law necessary to the decision in the prior judgment").

Although plaintiff argues that res judicata does not apply to bar the litigation of the gender discrimination claims alleged in this action, she does not dispute (1) that the claims of wrongful termination that she alleged in both her first action against the defendants and in this action involve identical parties, (2) that the prior judgment dismissing her claim for wrongful termination was rendered by a court of competent jurisdiction, (3) that the prior judgment was a final judgment, or (4) that the claims of wrongful termination asserted in both her prior action and this action represent the same cause of action.   Moreover, plaintiff

admits that the prior action ended when the court granted defendants' motion for summary judgment on, <u>inter alia</u>, the claim that plaintiff alleged for wrongful termination.[25]  Accordingly, the court concludes that the claims plaintiff has alleged for wrongful termination are barred by the doctrine of <u>res judicata</u> and, therefore, are subject to dismissal for failure to state a claim for which relief may be granted.

### 2.  <u>Gender Discrimination</u>

Citing 42 U.S.C. § 2000e-5(e)(1) defendants argue that plaintiff's claims for gender discrimination based on her termination are barred by the statute of limitations because she failed to file a charge of gender discrimination with the EEOC within 300 days of her termination.[26]  Without disputing that she failed to file a charge of gender discrimination with the EEOC within the 300-day period following the termination of her employment, plaintiff argues that the doctrines of equitable estoppel and equitable tolling provide a basis for her to maintain her cause of action for gender discrimination.[27]  Defendants contend

---

[25]See Plaintiff's Opposition to Defendants' Motion to Dismiss, Docket Entry No. 15, p. 3 ¶ 3 (admitting that "[t]he court denied plaintiff's attempt to amend, granted defendants' motion for summary judgment on the claims for breach of contract, wrongful termination . . .").

[26]Motion to Dismiss Amended Complaint, Docket Entry No. 13, pp. 4-5.

[27]See Plaintiff's Opposition to Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 5-10 ¶¶ 8-17.

that plaintiff's gender discrimination claims are not saved by equitable estoppel or equitable tolling because the fact that on April 5, 2007, plaintiff attempted to amend the complaint filed in her prior action to include the same gender discrimination claims now asserted in this action proves that plaintiff could and should have filed a timely charge of gender discrimination with the EEOC within 300 days of her termination.   The court agrees.

    (a)   Applicable Law

Title VII provides that a charge of discrimination shall be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).   Because Texas is a "deferral state," plaintiff had 300 days from the date of her termination within which to file a timely charge of discrimination with the EEOC.   See Edelman v. Lynchburg College, 122 S.Ct. 1145, 1152 (2002) (recognizing that when the locale of the purported discriminatory employment practice is a "deferral state," Title VII extends the EEOC charge filing period from 180 to 300 days).   The filing of an EEOC charge triggers an investigation and a process pursuant to which voluntary compliance may be obtained and discriminatory practices and policies eliminated.   Requiring the plaintiff first to state her allegations of employment discrimination in an EEOC charge serves "Congress' intention to promote conciliation rather than litigation in the Title VII context." Burlington Industries, Inc. v. Ellerth, 118

S.Ct. 2257, 2270 (1998).  Courts may not entertain claims brought under Title VII for which an aggrieved party has not first exhausted her administrative remedies by filing a charge of discrimination with the EEOC.  See Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002), cert. denied, 123 S.Ct. 1287 (2003).

The Supreme Court has held that the EEOC charge filing requirements are akin to a statute of limitations and thus are subject to the doctrines of equitable estoppel and tolling.  Zipes v. Trans World Airlines, Inc., 102 S.Ct. 1127, 1132 (1982); Tyler v. Union Oil Company of California, 304 F.3d 379, 391 (5th Cir. 2002).  Although the terms "estoppel" and "tolling" are often used interchangeably, "estoppel" relates to situations in which the defendant's misconduct prevented the plaintiff from complying with the deadline, while "tolling" focuses on whether the plaintiff acted with reasonable prudence.  See Baker v. Peters, 145 F.Supp.2d 1251, 1257 (M.D. Ala. 2000) (citing Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir. 1987)).  The applicability of either doctrine is a question of law.  See Tyler, 304 F.3d at 391 (citing Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 881 (5th Cir. 1991)).  The Supreme Court has cautioned courts that they must apply these equitable doctrines sparingly.  See National Rail Road Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2072 (2002).  See also Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (equitable

-13-

exceptions apply only in "rare and exceptional circumstances"). The party who invokes an equitable exception to the limitations period bears the burden of demonstrating that it applies in her case.  Id.  See also Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002).

    (b)  Availability of Equitable Remedies

    Citing Tyler, 304 F.3d at 391, plaintiff argues that equitable estoppel and/or tolling save her gender discrimination claims because "[i]t was not until the March 2008 deposition of the corporate representative — 21 months after plaintiff's termination — that concrete evidence emerged indicating, inter alia, that a gender discrimination claim might lie."[28]  Then, citing Miranda v. B&B Cash Grocery, 975 F.2d 1518, 1531-32 (11th Cir. 1992), plaintiff argues that the gender discrimination claims she attempted to assert on April 5, 2007, do not preclude the application of equitable exceptions to the gender discrimination claims asserted in this action because "mere suspicion alone does not foreclose the application of equitable remedies."[29]  In support of these arguments plaintiff asserts that

>     all [she] knew — because it was all the employer would
>     tell her — was that she was fired because she was listed
>     on a sex offender registry. . . Such cursory information
>     was hardly sufficient to apprise [her] of the potential

---

[28]Id. at 7-8 ¶ 13.

[29]Id. at 9 ¶ 16.

taint of [gender discrimination] in the [defendant's ]
review process. . . The plain fact of Wal-Mart's ardent
refusal to produce the RSO [Registered Sex Offender]
Committee files of the 25 or more retained associates
speaks to the damaging and dispositive potential of the
documents — and why such information was withheld.[30]

In <u>Tyler</u> the court held that equitable estoppel applied to save the plaintiffs' claims for violation of the Age Discrimination in Employment Act (ADEA) because the defendant led the plaintiffs to believe that they had signed away their potential ADEA claims when, in fact, the releases the plaintiffs had signed were ineffective. 304 F.3d at 391. The court explained that the doctrine of equitable estoppel "may properly be invoked when the employee's untimeliness in filing [her] charge results from either the employer's deliberate design to delay the filing or actions that the employer should unmistakenly have understood would result in the employee's delay." <u>Id.</u> (quoting <u>Clark v. Resistoflex Co.</u>, 854 F.2d 762, 769 (5th Cir. 1988)).

In <u>Miranda</u> the plaintiff alleged that the defendant discriminated against her in the payment of her salary from the time she was hired until the time her position was eliminated two years later. The plaintiff had been aware of the salary disparity for much of that time, but she did not file a charge with the EEOC until after her position had been eliminated. The plaintiff explained that she had waited to file her charge until after her position had been eliminated because she feared losing promised

---

[30]<u>Id.</u> at 8 ¶ 14.

benefits and because she had been assured on several occasions that the pay inequity would be cured. The plaintiff argued, therefore, that for the purposes of her wage discrimination claim, the statutory time limit for filing a charge with the EEOC was equitably tolled from the time she received her position until the time she received notice that her position would be eliminated. The trial court and the Fifth Circuit both agreed, ruling that the plaintiff's EEOC charge was not time-barred.  Citing Cocke, 817 F.2d at 1559, the Eleventh Circuit explained that the limitations period for filing an EEOC charge is tolled "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for [her] rights." Miranda, 975 F.2d at 1531.  The Eleventh Circuit explained that tolling was appropriate because the defendant led the plaintiff to believe that the unfair treatment would be rectified.  Id. at 1532 (citing Glus v. Brooklyn Eastern District Terminal, 79 S.Ct. 760 (1959) for the principle that "where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage").

Here, plaintiff argues implicitly if not explicitly that the defendants engaged in conduct designed to delay her filing a discrimination charge when they told her that her criminal background made her ineligible to retain her position but failed to

tell her that a number of male employees with similar criminal backgrounds were allowed to retain their positions. However, on April 5, 2007, plaintiff attempted to amend the complaint filed in her prior action against the defendants to include the same claims of gender discrimination now asserted in this action. The First Amended Complaint that plaintiff attempted to file on April 5, 2007, alleged:

> **Discrimination Based on Gender.** . . . Based on information and belief, defendants employ numerous male associates who are listed on state and local sex offender registries. The presence of male employees on offender registries is known to defendants. Defendants have failed to terminate the employment of all similarly-situated male Wal-Mart and Sam's Stores employees. Such disparate treatment of registered male employees, when compared to the treatment and discharge of plaintiff, represents a rebuttable claim of unlawful discrimination by defendants based on gender as described in Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2, et seq. Plaintiff sues for damages based upon defendants' disparate employment treatment which resulted in plaintiff's termination.[31]

Since plaintiff was able to articulate her gender discrimination claims and the facts on which they are based in the First Amended Complaint that she attempted to file on April 5, 2007, and since April 5, 2007, was within 300 days of June 15, 2006, the date on which plaintiff asserts the defendants terminated her employment, the court concludes that neither equitable estoppel nor equitable tolling apply to save the gender discrimination claims asserted in this action. Although the Supreme Court has

---

[31]First Amended Complaint, Docket Entry No. 5 entered in Civil Action No. H-07-0386, pp. 7-8 ¶ 17.

expressly "declined to address whether Title VII suits are amenable to a discovery rule," Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162, 2177 n.10 (2007), the Fifth Circuit has made clear that a plaintiff's discrimination claim accrues on the date of the alleged discriminatory act, not on some future date when the plaintiff discovers that the act may have been motivated by discriminatory animus.  See Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992) (citing Merrill v. Southern Methodist University, 806 F.2d 600, 605 (5th Cir. 1986)).  Moreover, to the extent that the plaintiff seeks to rely on allegations of fraudulent concealment to toll the statute of limitations on her gender discrimination claims, the court concludes that there cannot be fraudulent concealment of facts that were known by the plaintiff within the time to file a timely charge of discrimination with the EEOC.  See Fusco v. Johns-Manville Products Corp., 643 F.2d 1181, 1184 (5th Cir. 1981).

(c)  Conclusions

For the reasons explained above, the court concludes that neither the doctrine of equitable estoppel nor the doctrine of equitable tolling apply to save the gender discrimination claims for which plaintiff admittedly failed to file a charge of discrimination with the EEOC within 300 days of the date on which she alleges the defendants wrongfully terminated her employment in violation of Title VII, 42 U.S.C. § 2000(e).

### IV.  <u>Defendants' Motion for Sanctions Under Rule 11</u>

Defendants move the court to sanction plaintiff's counsel pursuant to Rule 11(b)(2)-(3) of the Federal Rules of Civil Procedure for filing this lawsuit, which contains claims that are "not warranted by existing law, are being recklessly pursued, and have been brought for an improper purpose."[32]  Although defendants filed their motion for sanctions against plaintiff's counsel in response to Plaintiff's Original Complaint, they argue that

> the grounds for the Motion remain the same as Plaintiff's Amended Complaint is merely a condensed version of her Original Complaint.  To the extent that Wal-Mart and Sam's have incurred expenses in preparing its original and this subsequent Motion to Dismiss, Wal-Mart and Sam's seek to recover attorneys' fees as sanctions against Plaintiff's Counsel.[33]

In support of their motion for sanctions the defendants argue that plaintiff's wrongful termination claims are barred by <u>res judicata</u> and that plaintiff's gender discrimination claims are time barred.

> Determining whether an attorney has violated Rule 11 involves a consideration of three types of issues.  The court must consider the factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper.  Legal issues are raised in considering whether a pleading is "warranted by existing law or a good faith argument" for changing the law and whether the attorney's conduct violated Rule 11.  Finally, the district court must exercise its discretion to tailor an "appropriate sanction."

---

[32]Wal-Mart Stores, Inc.'s Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure, Docket Entry No. 10, p. 2.

[33]Motion to Dismiss Amended Complaint, Docket Entry No. 13, p. 6.

<u>Cooter & Gell v. Hartmax Corp.</u>, 110 S.Ct. 2447, 2457 (1990). Although for the reasons explained above the court has concluded that plaintiff's wrongful termination claims are barred by <u>res judicata</u> and that her claims for gender discrimination are barred by limitations, the court is not persuaded that plaintiff's counsel should be subjected to Rule 11 sanctions.

When plaintiff sought to amend the complaint filed in her previous lawsuit against the defendants to add gender discrimination claims, the court denied her motion upon determining that the plaintiff had not exhausted her administrative remedies as to those claims.  In response to the plaintiff's argument that equitable remedies were warranted, the court explained that equitable principles do not excuse an employee from filing a charge with the EEOC and exhausting a claim.[34]  When plaintiff moved for reconsideration, the court stated that

> [i]f Vlasek wants to pursue her sex discrimination claim
> following the completion of the administrative review of
> her recently filed EEOC charge, she may only do so in a
> new suit.  <u>See</u> <u>Duplan v. Harper</u>, 188 F.3d 1195, 1199
> (10th Cir. 1999) (citations omitted) (stating that
> "[a]llowing claimants generally to bring suit . . .
> before exhausting their administrative remedies and to
> cure the jurisdictional defect by filing an amended
> complaint would render the exhaustion requirement
> meaningless and impose an unnecessary burden on the
> judicial system," and that "as a general rule, a
> premature 'complaint cannot be cured through amendment,

_____

[34]See Memorandum and Opinion, Docket Entry No. 60 filed in Civil Action No. H-07-0386, and Exhibit F attached to Plaintiff's Opposition to Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 10-12.

but instead, plaintiff must file a new suit'"); <u>Sparrow v. U.S. Postal Service</u>, 825 F.Supp. 252, 255 (E.D. Cal. 1993) ("If the claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless.").[35]

Plaintiff's attorney should not be sanctioned for filing a second charge of discrimination with the EEOC based on plaintiff's allegations of gender discrimination and for seeking a ruling from this court on the applicability of equitable principles to these claims.  Accordingly, defendants' motion for sanctions will be denied.

## V.   <u>Conclusions</u>

For the reasons explained above, Plaintiff's Motion for Leave to Amend (Docket Entry No. 8) is **MOOT**; Wal-Mart Stores, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint (Docket Entry No. 9) is **MOOT**; Wal-Mart Stores, Inc.'s Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure (Docket Entry No. 10) is **DENIED**; and Wal-Mart Stores, Inc. and Sam's East Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry No. 13) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 14th day of April, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[35]Memorandum and Order, Docket Entry No. 66 entered in Civil Action No. H-07-0386, pp. 6-7.